**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Ward,<br><br>    Plaintiff,<br><br>vs.<br><br>Figure Lending LLC,<br><br>    Defendant. | No. CV-23-08116-PCT-SPL<br><br>**ORDER** |

Before the Court are Defendant's Motion to Dismiss (Doc. 4), Plaintiff's Motion for Leave to File Amended Complaint (Doc. 19), and Defendant's Motion to Disregard (Doc. 24). The Court rules as follows.

**I. BACKGROUND**

On December 22, 2022, Plaintiff Lee Ward filed a Complaint initiating this putative class action against Defendant Figure Lending, LLC in the Superior Court of Gwinnett County, Georgia. (Doc. 1-1). Plaintiff alleges that Defendant—with whom he entered into a Loan Agreement in the fall of 2019—is a lender offering "purported" home equity lines of credit ("HELOCs"). (Doc. 1-1 at 6, 19–21). Plaintiff asserts, however, that Defendant does not in fact offer HELOCs but rather home equity loans. (Doc. 1-1 at 19–20). Plaintiff further alleges that Defendant engages in false marketing, makes misleading statements about its loans, provides customers with inaccurate information, fails to disclose the costs of its loans, and charges excessive and fraudulent fees. (Doc. 1-1 at 19–23). On that basis, Plaintiff's Complaint alleges five counts: (1) violation of the Truth in

Lending Act ("TILA"); (2) violation of TILA based on misleading and inadequate disclosures; (3) breach of contract based on the assessment of excessive payoff amounts; (4) breach of contract based on the assessment of post-closing fees; and (5) unjust enrichment. (Doc. 1-1).

On February 3, 2023, Defendant removed this action to the United States District Court for the Northern District of Georgia. (Doc. 1). On June 21, 2023, that court granted Defendant's Motion to Transfer Venue and transferred the action to this Court, deferring the three pending Motions for consideration by this Court. (Doc. 26).

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on a variety of grounds. Defendant first argues that Plaintiff's TILA claims should be dismissed because they are barred by TILA's one-year statute of limitations. A statute of limitations defense is ordinarily raised in a responsive pleading, but it "may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987). Still, "'[d]ismissal on statute of limitations grounds can be granted pursuant to [Rule] 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"' or had otherwise not yet accrued." *ARA Inc.*

*v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 WL 1411787, at *3 (D. Ariz. Mar. 21, 2018) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

Plaintiff argues that his TILA claims are timely only based on equitable tolling. Equitable tolling "suspend[s] the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). "[E]quitable tolling applies only if a litigant (1) has been diligently pursuing his rights, and (2) failed to timely file because some 'extraordinary circumstance' stood in his way." *Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021) (citation omitted). The "extraordinary circumstance" must be one that "made it *impossible* to file on time." *Id.*

In determining whether equitable tolling applies to a TILA claim, the Court must evaluate Plaintiff's specific claims to determine whether applying the one-year statute of limitations "would be unjust or frustrate the purpose of [TILA]"—which is "to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King*, 784 F.2d at 915. Critically, a plaintiff "cannot rely on the same factual allegations to show that Defendants violated [TILA] and to toll the limitations period." *Jacob v. Aurora Loan Servs.*, No. 10-1789 SC, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010); *see also Sakugawa v. IndyMac Bank, F.S.B.*, No. 10-00504 JMS/LEK, 2010 WL 4909574, at *3 (D. Haw. Nov. 24, 2010) (citing cases).

Here, Plaintiff's Complaint fails to assert any facts in support of equitable tolling that are separate from the alleged TILA violations. To support his equitable tolling argument, Plaintiff points to his allegations that Defendant falsely marketed its loans as HELOCs and that Defendant failed to prominently display information required by TILA. (Doc. 17 at 5–6). But those are the same allegations that give rise to Plaintiff's TILA claim in the first place. (Doc. 1-1 at 26–27). If those allegations were sufficient to invoke equitable tolling, "equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . , and the statute[ ] of limitations would be meaningless." *Jacob*,

2010 WL 2673128, at *3. Plaintiff argues that Defendant conceals the fact that its loans are governed by TILA by marketing them as HELOCs, but the Complaint specifically alleges that the terms of the Loan Agreement show that Defendant does not actually provide a HELOC. (Doc. 1-1 at 20). Thus, Plaintiff fails to allege that he lacked a "reasonable opportunity to discover the fraud or nondisclosures that form the basis of" his TILA claims. *King*, 784 F.2d at 915. As in *Sakugawa*, besides Plaintiff's allegations that Defendant violated TILA through insufficient, misleading, and inadequate disclosures, "the Complaint fails to include any allegations explaining what actions Defendant[ ] took to prevent Plaintiff from discovering the TILA violations, how those actions prevented Plaintiff from discovering the alleged TILA violations, and when Plaintiff actually learned of the TILA violations." 2010 WL 4909574, at *3. Accordingly, even reading the Complaint with the requisite liberality, the Court finds that Plaintiff's allegations do not support equitable tolling, and the TILA claims must be dismissed on statute of limitations grounds.

Plaintiff's remaining breach of contract and unjust enrichment claims are brought under state law. Because the federal claims will be dismissed and the only basis for subject matter jurisdiction in this case is federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). Thus, the Complaint will be dismissed in its entirety, and the Court need not consider Defendant's other arguments for dismissal.

Still, Plaintiff also filed a Motion for Leave to File an Amended Complaint (Doc. 19) in the event the Court granted Defendant's Motion to Dismiss. Leave to amend a deficient complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). When dismissing for failure to state a claim, "a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation and quotation marks omitted). Here, it may be possible for Plaintiff to allege additional facts that support equitable tolling, so leave to amend will be granted.

Finally, the contents of Plaintiff's Notice of Subsequent Development (Doc. 23) bear no relation to the statute of limitations issue on which the Court has decided the Motion to Dismiss, so the Court need not and did not consider the Notice. Thus, Defendant's Motion to Disregard Plaintiff's Notice (Doc. 24) will be denied as moot. To the extent the facts in the Notice bear on Plaintiff's claims, he may allege them in his amended complaint should he choose to file one. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 4) is **granted**, and Plaintiff's Complaint is **dismissed with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 19) is **granted**, and Plaintiff may file an amended complaint no later than **August 23, 2023**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Disregard (Doc. 24) is **denied as moot**.

Dated this 2nd day of August, 2023.

Honorable Steven P. Logan
United States District Judge

5