**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Ward, | No.  CV-23-08116-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Figure Lending LLC, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss the First Amended Class Action Complaint (Doc. 46). This Motion is fully briefed. (Docs. 46, 48, 49). The Court rules as follows.

## I.      BACKGROUND

On December 22, 2022, Plaintiff Lee Ward filed a Complaint initiating this putative class action against Defendant Figure Lending, LLC in the Superior Court of Gwinnett County, Georgia.  (Doc. 1-1). Plaintiff's Complaint alleged five counts: (1) violation of the Truth in Lending Act ("TILA"); (2) violation of TILA based on misleading and inadequate disclosures; (3) breach of contract based on the assessment of excessive payoff amounts; (4) breach of contract based on the assessment of post-closing fees; and (5) unjust enrichment. (Doc. 1-1).

On February 3, 2023, Defendant removed this action to the United States District Court for the Northern District of Georgia. (Doc. 1). On June 21, 2023, that court granted Defendant's Motion to Transfer Venue and transferred the action to this Court. (Doc. 26).

On February 10, 2023, Defendant moved to dismiss Plaintiff's Complaint arguing, among other reasons, that Plaintiff's TILA claims were barred by the statute of limitations. (Doc. 4). On August 3, 2023, the Court held that Plaintiff's TILA claims did not survive Defendant's motion because Plaintiff failed to assert any facts in support of equitable tolling. (Doc. 42 at 4). Although Plaintiff also alleged several state claims, the Court dismissed the Complaint in its entirety because Plaintiff's TILA claims was the sole basis for subject matter jurisdiction. (*Id.*). Nevertheless, the Court addressed Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 19) and held that "it may be possible for Plaintiff to allege additional facts that support equitable tolling, so leave to amend will be granted." (*Id.*).

On August 21, 2023, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. 45). Plaintiff's FAC alleges all the state law claims listed in the initial Complaint. (Docs. 1-1, 45). However, Plaintiff's FAC removes the TILA claims as a cause of action and adds an additional cause of action under the Arizona Consumer Fraud Act. Plaintiff also alleges, for the first time, that subject matter jurisdiction applies under 28 U.S.C. § 1332(d).

On September 5, 2023, Defendant moved to dismiss Plaintiff's FAC and requested an award of attorneys' fees and costs. (Doc. 46). Defendant argues that Plaintiff's FAC should be dismissed because it exceeds the scope of amendment permitted by the Court and lacks subject matter jurisdiction. (Doc. 49 at 6–8). For the following reasons, Defendant's motion is granted.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

1    Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v.*
2    *ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

3    **III.   DISCUSSION**

4        "[W]here leave to amend is given to cure deficiencies in certain specified claims,
5    courts have held that new claims alleged for the first time in the amended pleading should
6    be dismissed or stricken." *Vahora v. Valley Diagnostics Lab'y Inc.*, No. 1:16-CV-01624-
7    SKO, 2017 WL 2572440, at *2 (E.D. Cal. June 14, 2017). Here, the Court limited
8    Plaintiff's leave to amend his Complaint to include additional facts to support that his TILA
9    claims are timely based on equitable tolling. (Doc. 42 at 4). But rather than adding facts to
10   support his TILA claims and survive dismissal, Plaintiff withdrew these claims and pleaded
11   an entirely new theory to establish federal jurisdiction. Therefore, Plaintiff's new
12   allegations are "outside the scope of the amendment permitted by the prior dismissal
13   order." *See Coppola v. Smith*, 19 F. Supp. 3d 960, 971 (E.D. Cal. 2014) ("Given these
14   considerations, [Plaintiff's] theory will be dismissed without leave to amend."); *see also*
15   *Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D.
16   Cal. June 30, 2013), *aff'd sub nom. Benton v. Hughes*, 623 F. App'x 888 (9th Cir. 2015)
17   ("The addition of [Plaintiff's] new claims therefore exceeds the scope of the leave to amend
18   granted, and it is appropriate to strike the newly added claims on this basis."). Thus,
19   Plaintiff's FAC is dismissed because it does not comply with the limitations set by the
20   Court and lacks subject matter jurisdiction.[1] Accordingly, the Court will not rule on the
21   merits of Plaintiff's claims which are all brought under state law.

22

23       [1] The Court rejects Plaintiff's argument that subject matter jurisdiction applies under
24   28 U.S.C. § 1332(d) because Plaintiff fails to offer evidence showing that the amount of
     controversy exceeds $5 million dollars. *See Petkevicius v. NBTY, Inc.*, No.
25   314CV02616CABRBB, 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017) (citing *Ibarra
     v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)) ("Plaintiff, as the proponent
26   of jurisdiction, has the burden to put forward evidence showing that the amount in
     controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade
27   the court that the estimate of damages in controversy is a reasonable one.") (quotation
     omitted); *Id.* ("To hold otherwise, would essentially give any class action plaintiff license
28   to file a claim in federal court simply by stating the legal conclusion that CAFA jurisdiction
     exists.").

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss the First Amended Class Action Complaint (Doc. 46) is **granted**.

**IT IS FURTHER ORDERED** that Defendant's request for attorneys' fees and costs (Doc. 46) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's claim is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action accordingly.

Dated this 4th day of December, 2023.

Honorable Steven P. Logan
United States District Judge